## Degn Estate

*Federico F. Mauck,* of *Wright, Mauck, Hawes & Spencer,* for accountants.

KNIGHT, P. J. (specially presiding), December 2, 1954.—Testatrix died on February 15, 1953, leaving a will dated September 2, 1941, with codicils thereto bearing dates respectively May 20, 1947, January 3, 1949, and January 20, 1950, all duly probated on February 26, 1953, on which the present letters were granted to the accountants, who were appointed executors and testamentary trustees.

The account shows a balance of principal for distribution of $363,719.01, composed of the bonds, shares of preferred and common stocks and mortgages, set forth on page one totaling $201,040.47; personal property at Hope Lodge, $34,444; claim against Turnpike Commission of Commonwealth of Pennsylvania $19,-000; real estate in Whitemarsh Township, $93,000, and cash; and a balance of income for distribution of $1,716.52.

The husband of testatrix predeceased her. By her will and codicils, she bequeathed a number of pecuniary legacies, all of which are set forth under rider attached to paragraph 3, page 1, of the petition for adjudication. She was survived by all of the persons named as legatees in her will, and they are still living and are of full age.

The authorities of St. Thomas' Church have agreed with the executors to accept the sum of $500 for the purpose of establishing a fund to provide for the perpetual maintenance and care of the burial lot of testatrix in St. Thomas' Church graveyard.

By the eleventh clause of her will testatrix gave to the trustees $25,000, or 25 percent of her net estate, whichever should be less, to hold the same and apply the net income two fifths to Elizabeth Irwin, and one fifth each to Helen Louise Irwin, Alice Irwin, and Richard Maris Irwin, until each should attain the age of 35 years, when the trustee should pay to each the

share of principal from which he or she shall have been entitled to receive the income.

Two of the aforenamed persons: namely, Elizabeth Irwin and Richard Maris Irwin, were over 35 years of age at the date of the death of testatrix, Elizabeth being entitled to $10,000 and Richard to $5,000. The question is submitted whether these legacies bear interest from the death of testatrix or from one year thereafter.

I am of the opinion, and so hold, that these legacies, having been payable at the death of testatrix, are entitled only to interest from a year after her death, under the provisions of the Fiduciaries Act of April 18, 1949, P. L. 512, sec. 573 (g), 20 PS §320.753. Interest on said legacies is accordingly awarded to the legatees at the rate of three percent per annum from February 15, 1954, to date of payment.

In the fifteenth item of her will testatrix bequeathed to her trustees $20,000, or 20 percent of her net estate, whichever should be less, in trust, to pay the income thereof to her husband's nephew, Earl Degn Wilson, during his life, and upon his death, to pay the income to his wife, Dora Wilson, for her life, and upon the death of the survivor to transfer the principal into the residuary trust; and, in said fifteenth paragraph provided:

"Having used the term 'Net Estate', I desire to define the same as representing that amount at which my personal securities and effects shall be appraised, exclusive of real estate and the contents of 'Hope Lodge', less inheritance and estate taxes, costs of administration and the specific legacies bequeathed in the manner as set forth in paragraphs four to ten inclusive".

The twenty-fifth paragraph of the will provides:

"I direct that all inheritance taxes, death duties and all similar assessments shall be paid out of the Principal of my Estate".

The second question submitted is whether this twenty-fifth paragraph of the will authorizes the payment of "inheritance taxes, death duties and all similar assessments", out of the residue as read in the light of testatrix's definition of her "net" estate in the fifteenth paragraph.

Although testatrix does not use the word "residue", but only the word "Principal", in the twenty-fifth paragraph, there can be scarcely any doubt that it was her intention that such taxes and assessments therein mentioned should be paid out of the ultimate residue of principal. If this were not so, the twenty-fifth paragraph of the will would have little meaning or practical application. I am of the opinion, and so hold, therefore, that under the language of the twenty-fifth paragraph of the will, all inheritance, estate, and other similar taxes on legacies and life estates are payable out of the ultimate residue of principal as given, devised, and bequeathed to the testamentary trustees for "Hope Lodge Foundation" by the sixteenth and subsequent paragraphs of the will.

The payment of $5,486.45 on account of transfer inheritance tax was duly vouched. The certificate of the register of wills states that the calculation of the tax is awaiting the filing of the official appraisement. Accordingly, the award of the residue as hereinafter made to the trustees for "Hope Lodge Foundation", is expressly subject to the payment of any balance of tax that may be found due.

The accountants requested and are allowed commissions as set forth on rider "3b" attached to and made part of the petition for adjudication. The net ascertained balances of principal and income for distribution are awarded as suggested on rider attached to and made part of page four of the petition for adjudication.

The account is confirmed, and it is hereby ordered and decreed that Fidelity-Philadelphia Trust Company, George A. Landell, and Nathaniel B. Groton, executors, as aforesaid, forthwith pay the distributions herein awarded.

Counsel for accountants shall file a schedule of distribution in duplicate.

The testamentary trustees shall present the assets of the trust herein awarded to them to Thomas A. Foulke, Esq., who is appointed examiner under rule 11.

And now, December 2, 1954, this adjudication is confirmed nisi.